UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT HAMMERSLEY,

   Plaintiff,

v.            Case No. 11-C-433

JACK JADIN, et al.

   Defendants.

**MEMORANDUM AND ORDER**

   Plaintiff Hammersley, who is proceeding pro se, lodged a civil rights complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. Plaintiff is currently incarcerated at the Drug Abuse Correctional Center in Winnebago, Wisconsin.

   Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner plaintiff is required to pay the statutory filing fee of $350.00 for a federal lawsuit. If a prisoner does not have the money to pay the filing fee up front, he or she can request leave to proceed *in forma pauperis* in order to pay the fee over time. To proceed with an action *in forma pauperis*, the prisoner must complete a petition and affidavit to proceed *in forma pauperis* and return it to the court with a certified copy of the prisoner's trust account statement showing transactions for the prior six months. The court then assesses and, when funds exist, collects from the plaintiff at the time the action is filed an initial partial filing fee of twenty percent of the average monthly deposits to or the average monthly balance in the prisoner's trust account for the six-month period immediately preceding the filing of the complaint.[1]

---

[1] In no event will a prisoner be prohibited from bringing a civil action because he or she has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

In this case, the plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint. He also filed the required affidavit of indigence. Further, he has been assessed and has paid an initial partial filing fee.

Upon review of the trust account statement and affidavit, I am satisfied that plaintiff is unable to pay the full statutory filing fee in this case. Leave to proceed *in forma pauperis* therefore will be granted.

Next, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)-(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, *Hosp. Bldg. Co. v. Trs. of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to

the plaintiff and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969).

The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege: (1) that he was deprived of a right secured by the Constitution or laws of the United States, and (2) that the deprivation was visited upon him by a person acting under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

Here, Plaintiff claims that six employees of the Brown County Jail restricted his access to the courts by maintaining an inadequate law library and not allowing him sufficient access to legal materials. He asserts that while in jail he was litigating a small claims action against the jail (which he eventually settled). He further claims that he wanted to file a state postconviction motion under Wis. Stat. § 974.06 regarding a prior conviction.

Plaintiff is correct that prisoners must be given reasonable access to legal materials as a means of accessing the courts. This applies to jails, as well as prisons, even though most jail inmates are represented by counsel in their criminal cases. Even so, as Plaintiff recognizes, the right to legal materials is not abstract. To succeed on a § 1983 claim, a prisoner must show that the denial of legal materials actually prejudiced a case in some material way. He asserts that the denial of access to full volumes of Wisconsin statutes prejudiced his ability to litigate his small claims case. But that is not the kind of prejudice that would give rise to a § 1983 claim. An inmate will not have a valid claim unless the prison authorities' conduct prejudiced a potentially meritorious challenge to his conviction, sentence, or conditions of confinement. *Marshall v. Knight,* 445 F.3d

3

965, 968 (7th Cir. 2006). Prejudice to a small claims action is not actionable under § 1983. Moreover, Plaintiff settled his small claims case for $1,705.73, which was apparently a full refund of the jail fees he had disputed. (Compl., Ex. I.) His speculation that a lack of access to up-to-date statute books somehow affected his ability to litigate the matter is wholly unfounded.

Perhaps recognizing the weakness of his claim, the complaint also states that Plaintiff was adversely impacted in filing a § 974.06 challenge to a previous OWI conviction. He states that the law library's incomplete statute books and the jail staff's unwillingness to help him precluded him from fully researching such a motion while in the jail. He never filed such a motion, and after later consulting with an attorney he learned that such a challenge could no longer be brought because he was no longer under supervision for that conviction. There are several problems with this allegation of prejudice, however. First, the complaint does not even attempt to explain what the nature of Plaintiff's § 974.06 challenge would have been. Although all that is generally required is notice pleading, a prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006). Here we have no indication of *how* the Defendants' alleged conduct prejudiced his case. Many postconviction challenges can be made without any legal materials whatsoever, for example, when an inmate alleges that his trial attorney was ineffective (a common assertion). Here, the problem is more acute because Plaintiff is merely asserting that he was unable even to *file* a timely challenge due to the inadequacy of the jail's law library and unhelpfulness of staff. It is unclear why he would need law books to allow him to merely file an action.

But all of these problems pale beside the fact that the Plaintiff was only in jail for roughly two months.[2] Plaintiff could have brought a § 974.06 challenge *before* being arrested for his sixth OWI and *after* being transferred from jail. In other words, even if the law library were inadequate at the jail, it did not impact any potential § 974.06 case because Plaintiff maintained the ability to bring such a case at other times. An inmate cannot manufacture a § 1983 case by cherry-picking facts (the two months in jail) and avoiding taking action on his own behalf .

THEREFORE, IT IS ORDERED that the case is DISMISSED. Plaintiff's request to proceed *in forma pauperis* is GRANTED, meaning that the filing fee may be paid over time.

IT IS ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to twenty percent of the preceding month's income credited to the prisoner's trust account and forwarding payments to the clerk of the court each time the amount in the account exceeds $10.00 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

IT IS FURTHER ORDERED that this action is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

---

[2] At one point, the complaint states that he was in jail between April 2010 and July 2011, but in another it states that he was transferred in July 2010. Given that the complaint was filed *before* July 2011, I may infer that the 2011 date is a typographical error.

IT IS ORDERED that the clerk of court document that this inmate has brought an action that was dismissed under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim upon which relief may be granted.

IT IS ORDERED that the clerk of court document that this inmate has incurred a "strike" under 28 U.S.C. § 1915(g).

IT IS FURTHER ORDERED that the clerk of court enter judgment accordingly.

I FURTHER CERTIFY that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated this   22nd   day of July, 2011.

        s/ William C. Griesbach
        William C. Griesbach
        United States District Judge